UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JARON K. COOK,

                          Plaintiff,

          -against-                                     26-CV-2199 (JPO)

TRANSPORTATION SECURITY                                 ORDER OF SERVICE
ADMINISTRATION (TSA),

                          Defendant.

J. PAUL OETKEN, United States District Judge:

Plaintiff resides in Manhattan and is appearing *pro se*. He brings this action against Defendant Transportation Security Administration (TSA), a federal agency, asserting claims arising from damage to his luggage at LaGuardia Airport.  The Court liberally construes Plaintiff's allegations as asserting a claim under the Federal Tort Claims Act (FTCA).

By order dated March 25, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.  For the reasons discussed below, the Court substitutes the United States of America for Defendant TSA and directs service on the United States of America.

## DISCUSSION

### A.      Substitution of the United States of America for the TSA

The FTCA waives sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment.  28 U.S.C. § 1346(b)(1).  Plaintiff's claims for property damage by employees of the TSA are  liberally construed as arising under the FTCA , 28 U.S.C. §§ 1346(b), 2671-80.

The only proper defendant for an FTCA claim is the United States of America.  *See Mignogna v. Sair Aviation, Inc.*, 937 F.2d 37, 40 (2d Cir. 1991) (holding that an FTCA claim

"must be brought against the United States rather than an agency thereof. *See* 28 U.S.C. § 2679(a)"). The Court therefore substitutes the United States of America ("U.S.A.") as a defendant in place of Defendant TSA. *See* Fed. R. Civ. P. 21.

**B.      Service on the U.S.A.**

To allow Plaintiff, who is proceeding IFP, to effect service on Defendant U.S.A. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for Defendant U.S.A. The Clerk of Court is further instructed to: (1) mark the box on the USM-285 form labeled "Check for service on U.S.A."; and (2) issue a summons for Defendant U.S.A. and deliver to the Marshals Service a copy of this order and all other paperwork necessary for the Marshals Service to effect service on Defendant U.S.A.

It is Plaintiff's responsibility to ensure that service is made within 90 days of the date the summons is issued and, if necessary, to request an extension of time for service.[1] *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). Plaintiff also must notify the Court in writing if his address changes, and the Court may dismiss the action if he fails to do so.

## CONCLUSION

The Court construes this action as arising under the FTCA and directs the Clerk of Court to substitute the United States of America on the docket for Defendant TSA and to terminate Defendant TSA. *See* Fed. R. Civ. P. 21.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that service be effected within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

3

The Clerk of Court is further instructed to issue a summons for Defendant United States of America, complete the USM-285 form with the address for Defendant United States of America (marking the box on the USM-285 form labeled "Check for service on U.S.A."), and deliver to the U.S. Marshals Service all documents necessary to effect service on Defendant United States of America.

Dated:    March 27, 2026
         New York, New York

                                    J. PAUL OETKEN
                            United States District Judge

**SERVICE ADDRESSES FOR DEFENDANT**

1.    United States Attorney for the Southern District of New York
      Civil Division
      86 Chambers Street
      3rd Floor
      New York, New York 10007

2.    Attorney General of the United States
      United States Department of Justice
      950 Pennsylvania Avenue, NW
      Washington, D.C. 20530-0001